**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4694**

———————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

FRANK WOOD THOMAS,

               Defendant – Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:05-cr-00104-FDW-CH-19)

———————

Submitted: March 12, 2009          Decided: May 18, 2009

———————

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas A. Will, Jr., THE LAW OFFICE OF THOMAS A. WILL, JR., Gastonia, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a lengthy trial, Frank Wood Thomas was convicted by a jury of conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (2006). Thomas was sentenced by the district court to the statutory mandatory minimum of 240 months' imprisonment, see 21 U.S.C. § 841(b)(1)(A) (2006). Finding no error, we affirm.

Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts there are no meritorious issues for appeal but questions whether the district court erred in denying his Fed. R. Crim. P. 29 motion for judgment of acquittal. Thomas filed a pro se supplemental brief, joining in counsel's argument. The Government elected not to file a responding brief.

We review de novo the district court's denial of a Rule 29 motion for judgment of acquittal. United States v. Perkins, 470 F.3d 150, 160 (4th Cir. 2006). "In conducting such review, we must uphold a jury verdict if there is substantial evidence, viewed in the light most favorable to the Government, to support it." Id. Both direct and circumstantial evidence are considered, and the government is permitted "all reasonable inferences that could be drawn in its favor." United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008). The defendant "must

2

carry an imposing burden to successfully challenge the sufficiency of the evidence." United States v. Martin, 523 F.3d 281, 288 (4th Cir.) (citation omitted), cert. denied, 129 S. Ct. 238 (2008).

To prove conspiracy to possess with intent to distribute and to distribute a controlled substance, the government must establish that: (1) two or more persons agreed to possess with intent to distribute and to distribute the substance; "'(2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily became a part of this conspiracy.'" United States v. Yearwood, 518 F.3d 220, 225-26 (4th Cir.) (quoting United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc)), cert. denied, 129 S. Ct. 137 (2008). The defendant may be convicted of conspiracy without knowing all the conspiracy's details, so long as the defendant enters the conspiracy understanding its unlawful nature and willfully joins in the plan on at least one occasion. Burgos, 94 F.3d at 858.

With these standards in mind, our thorough review of the trial transcript convinces us that Thomas was involved in "'a loosely-knit association of members linked . . . by their mutual interest in sustaining the overall enterprise of catering to the ultimate demands of a particular drug consumption market'" — Mecklenburg County, North Carolina. Burgos, 94 F.3d

3

at 858 (quoting United States v. Banks, 10 F.3d 1044, 1054 (4th Cir. 1993)). "[W]hile many conspiracies are executed with precision, the fact that a conspiracy is loosely-knit, haphazard, or ill-conceived does not render it any less a conspiracy — or any less unlawful." Id. We therefore conclude that there was sufficient evidence to support the jury's verdict. To the extent Thomas argues the Government's case rested in large part on the unreliable testimony of the cooperating witnesses, it is not the province of this court to second-guess the credibility determinations of the factfinder. See United States v. Wilson, 484 F.3d 267, 283 (4th Cir. 2007).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. We deny Thomas's motion for remand. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are

4

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED